958 P.2d 535

Donald JOSUE, Jr. and Ramona Josue, Plaintiffs–Appellants,

v.

ISUZU MOTORS AMERICA, INC., a Michigan corporation, and American Isuzu Motors, Inc., a California corporation, Defendants–Appellees,

and

Iaone W.K. Frias, Does 1–10, Doe Corporations 1–10, and Doe Partnerships 1–10, Defendants.

No. 21016.

Supreme Court of Hawai'i.

June 8, 1998.

Collin M. (Marty) Fritz and Hilary Benson Gangnes (of Trecker & Fritz), on the briefs, Honolulu, for plaintiffs-appellants.

Kenneth K. Fukunaga and Lois H. Yamaguchi (of Fukunaga, Matayoshi Hershey & Ching), on the briefs, Honolulu, for defendants-appellees.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

This appeal arises from injuries sustained by plaintiff-appellant Donald Josue, Jr. (Donald) in a single-motor vehicle accident on April 3, 1994, wherein Donald was ejected from the bed of an Isuzu pickup truck. Donald and his mother, plaintiff-appellant Ramona Josue [hereinafter, collectively, the plaintiffs], filed a lawsuit against, among others, defendants-appellees Isuzu Motors America, Inc., a Michigan Corporation, and American Isuzu Motors, Inc., a California Corporation [hereinafter, collectively, Isuzu]. All of the claims alleged in the complaint were based solely on Isuzu's failure to provide a warning label informing users of the pickup truck of the dangers involved with riding in the bed of the truck.

The circuit court issued two summary judgment orders, from which the plaintiffs now appeal, effectively dismissing all the claims against Isuzu. The orders ruled in

pertinent part "that riding unrestrained in the bed of a pickup truck . . . is an open and obvious danger as a matter of law, and the manufacturer of a pickup truck is not under a duty to warn potential passengers and users of the obvious danger of riding unrestrained in the bed of a pickup truck."

For the reasons discussed below, we hold that the dangers of riding unrestrained in an open cargo bed of a pickup truck are obvious and generally known to the ordinary user and that therefore Isuzu had no duty to warn potential passengers of those dangers. We note that the plaintiffs' contention that the circuit court abused its discretion by ruling on the first summary judgment order despite their request for additional time to complete discovery is without merit. We therefore affirm the circuit court's orders.

## I. BACKGROUND

During the early morning hours of April 3, 1994, a 1992 Isuzu pickup truck driven by Iaone W.K. Frias was traveling westbound on Farrington Highway on the island of Oahu. As a result of Frias having lost control of the wheel, the pickup truck hit a concrete center divider and overturned. Donald, a passenger who was riding unrestrained in the bed of the pickup truck, was ejected from the truck, thereby rendering him a paraplegic. At the time of the accident, Donald was seventeen years old.

On April 2, 1996, the plaintiffs filed their complaint in the circuit court against Frias and Isuzu, whom the plaintiffs contended was either the designer, manufacturer, seller, or distributor of the pickup truck. As against Isuzu, the complaint essentially alleged that the pickup truck was defectively designed because it did not contain a warning that informed users of the pickup truck of the dangers involved with riding in the pickup truck's bed.[1] The complaint asserted, *inter alia:* (1) negligent failure to warn; (2) strict liability for failure to warn; (3) breach of express and implied warranties; (4) negli-

gent infliction of emotional distress; and (5) punitive damages.[2]

On March 6, 1997, Isuzu filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted or, in the alternative, for summary judgment [hereinafter, Motion I]. In support of Motion I, Isuzu stated that whether there is a duty to warn presents a question of law. Isuzu asserted that it had no duty to warn users of the pickup truck about the dangers associated with riding in the bed because (1) there is no duty to warn of an open and obvious danger and (2) riding in the bed of a pickup truck is an open and obvious danger to reasonable persons. Isuzu argued that the plaintiffs, therefore, had no viable claim that the pickup truck was defective. Isuzu further requested an award of attorneys' fees and costs incurred in defending this lawsuit.

Although the hearing on Motion I was set for April 2, 1997, Isuzu, upon the plaintiffs' request, agreed to continue the hearing date to April 22, 1997. In order to effectively respond to Motion I, on April 3, 1997, the plaintiffs, having yet to conduct any discovery, filed a notice of taking depositions upon oral examination [hereinafter, request for deposition], which depositions were to be taken of designated representatives of Isuzu on April 9, 1997. The request for deposition stated in pertinent part:

[Isuzu], pursuant to Rule 30(b)(6), Hawai'i Rules of Civil Procedure, shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and are competent and knowledgeable to testify on behalf of [Isuzu], as to the following:

1. The development, implementation, and coordination of Isuzu's safety program prior to the sale of the vehicle which is the subject of this litigation.

2. The development, implementation, and coordination of all safety considerations in preparing owners manuals prior to the sale of the subject vehicle.

---

1. This lack of warning has been the only alleged defect asserted by the plaintiffs throughout the instant case.

2. On June 24, 1996, Isuzu filed a cross-claim against Frias and, on August 22, 1996, Frias filed a cross-claim against Isuzu. However, these cross-claims were dismissed without prejudice via stipulation on July 22, 1997.

3. The development, implementation, and coordination of all safety evaluations in design and marketing of pickup trucks in the 15 years prior to the sale of the subject vehicle.

4. All information possessed by defendants relating to the dangers of persons riding in or being injured in the backs of pickup trucks prior to the accident which is the subject of this litigation.

5. All information possessed by defendants relating to any and all accident statistics or data concerning persons riding in or being injured in the backs of pickup trucks prior to the accident which is the subject of this litigation.

On April 4, 1997, Isuzu moved for a protective order, which sought to bar the plaintiffs from conducting their April 9, 1997 depositions. Isuzu, in its motion for protective order, asserted that, because Motion I presented solely a question of law, the plaintiffs' discovery request would not, in any way, affect the outcome of Motion I. Isuzu maintained that the plaintiffs' depositions would cause Isuzu to expend substantial financial resources and delay further the already-continued hearing date on Motion I. Eventually, however, Isuzu withdrew its motion for protective order on May 17, 1997.

Meanwhile, the plaintiffs filed their opposition to Motion I on April 14, 1997, requesting therein, pursuant to Rule 56(f) of Hawai'i Rules of Civil Procedure (HRCP) (1996),[3] a continuance of the hearing on Motion I, which continuance would afford the plaintiffs an opportunity to depose Isuzu concerning its knowledge of the danger posed by passengers riding in the pickup truck's bed. The plaintiffs further asserted that, given that the motion to dismiss was actually a motion for summary judgment and that a genuine issue of material fact indeed existed, namely, whether the dangers associated with riding in the back of a pickup truck were open and obvious to foreseeable users, Motion I should be denied. The plaintiffs also asserted that,

even assuming, *arguendo,* that riding in the bed of a pickup truck was an open and obvious danger, Isuzu, as a matter of law, still had a duty to warn.

On May 30, 1997, the circuit court issued its ruling on Motion I [hereinafter, Order I]. Although denying the request for attorneys' fees and costs, 'the circuit court granted Isuzu's Motion I insofar as it determined that Isuzu had no duty to warn of the dangers associated with riding in a pickup truck's bed. Accordingly, the court dismissed the plaintiffs' negligence and strict liability claims as alleged against Isuzu. Order I stated in pertinent part:

> Viewing the evidence and the inferences in the light most favorable to the plaintiffs, the Court finds and concludes that there are no disputed issues of material fact. The Court also finds that defendant Isuzu is entitled to judgment as a matter of law with regard to *plaintiffs' claims of negligence and strict liability* in the Complaint that are based on or arise from an alleged failure to warn of the dangers and hazards of riding in the bed of the Isuzu pickup truck involved in the April 3, 1994 accident.

> The Court further finds as follows:

> First, with respect to plaintiffs' request to continue the hearing on the motion, the Court notes that the Complaint was filed on April 2, 1996, and plaintiffs have had a reasonable opportunity to conduct discovery in this case. Further, plaintiffs counsel did not submit an affidavit in compliance with HRCP Rule 56(f) setting forth the reasons why plaintiff cannot submit by affidavit the facts essential to justify their opposition to the present motion. Therefore, plaintiffs' request for a continuance is denied.

> Second, the existence of duty to warn is entirely a question of law for the Court to decide. *Birmingham v. Fodor's Travel Publications, [Inc.],* 73 Haw. 3[5]9, 833 P.2d 70 (1992).

---

3. HRCP Rule 56(f) states:
   Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the

application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Third, Hawai'i appellate courts have declined to impose a duty to warn of open and obvious hazards and risks. *Wagatsuma v. Patch*, 10 Haw.App. 547, 879 P.2d 572 (1994); *Littleton v. State*, 66 Haw. 55, 656 P.2d 1336 (1982); and *Ontai v. Straub Clinic and Hosp., Inc.*, 66 Haw. 2[3]7, 659 P.2d 734 (1983).

Fourth, the case of *Maneely v. General Motors Corp.*, 108 F.3d 1176 (1997), filed for publication in the United States Court of Appeals for the Ninth Circuit on March 13, 1997, is directly on point.

*Thus, this Court specifically finds and concludes that riding unrestrained in the bed of a pickup truck, such as the Isuzu pickup truck involved in the subject accident, is an open and obvious danger as a matter of law, and the manufacturer of a pickup truck is not under a duty to warn potential passengers and users of the obvious danger of riding unrestrained in the bed of a pickup truck. Maneely v. General Motors Corp, supra.*

(Emphases added.)

Thereafter, on June 2, 1997, Isuzu again moved for summary judgment [hereinafter, Motion II] on all of the remaining claims[4] of the plaintiffs' complaint against Isuzu. In support of its motion, Isuzu stated that the plaintiffs' remaining claims were derived from Isuzu's alleged duty to warn users of the dangers of riding in the bed of a pickup truck. Because the circuit court, in Order I, ruled that, as a matter of law, Isuzu had no duty to warn, Isuzu asserted that the plaintiffs' remaining claims were no longer viable. In opposition, the plaintiffs set forth the same arguments that had been advanced in their opposition to Motion I. The circuit court granted Motion II [hereinafter, Order II] on August 1, 1997. A final judgment in favor of Isuzu was entered on September 2, 1997. The plaintiffs filed their timely notice of appeal on October 2, 1997.

## II. *STANDARDS OF REVIEW*

### A. *Motion For Summary Judgment*

Under the Hawai'i Rules of Civil Procedure (HRCP), summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56 (1993). The evidence should be viewed in light most favorable to the non-moving party. *Maguire v. Hilton Hotels Corp.*, 79 Hawai'i 110, 112, 899 P.2d 393, 395 (1995). On appeal, an order of summary judgment is reviewed de novo under the same standard. *Harris v. DeSoto,* 80 Hawai'i 425, 431, 911 P.2d 60, 66 (1996).

*Budget Rent–A–Car Systems, Inc. v. Ricardo,* 85 Hawai'i 243, 244, 942 P.2d 507, 508 (1997).

### B. *Motion For Continuance*

■ A trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) will not be reversed absent an abuse of discretion. *See Wilder v. Tanouye,* 7 Haw.App. 247, 254, 753 P.2d 816, 821 (1988). Additionally, the "request must demonstrate how postponement of a ruling on the motion will enable him [or her], by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact." *Id.* at 253, 753 P.2d at 821 (citations and internal quotation marks omitted). An abuse of discretion occurs "where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *State ex rel. Bronster v. United States Steel Corp.*, 82 Hawai'i 32, 54, 919 P.2d 294, 316 (1996).

## III. *DISCUSSION*

### A. *Isuzu had no duty to warn.*

The plaintiffs argue that the circuit court erred in granting in part and denying in part Isuzu's Motion I. Specifically, the plaintiffs contend that, because a genuine issue of ma-

---

4. The remainder of the claims included: (1) breach of express and implied warranty; (2) negligent infliction of emotional distress; and (3) any punitive damages claims arising from the plaintiffs' claims of breach of warranty and/or negligent infliction of emotional distress.

terial fact existed, that is, whether the dangers of riding unrestrained in the bed of a pickup truck were open and obvious, Motion I should have been denied.

■ In *Tabieros v. Clark Equipment Co.,* 85 Hawai'i 336, 944 P.2d 1279 (1997), this court set forth the parameters of a manufacturer's liability with respect to allegedly defective products. First, we reiterated the well established principle that, "[w]here a danger involved in using a product is obvious and apparent, discernible by casual inspection, a supplier is not negligent in failing to warn of that danger." *Id.* at 364, 944 P.2d at 1307 (citation omitted). Secondly, we noted that, in a failure to warn case, "whether a product presents an *open and obvious danger* barring recovery is, in the first instance, a question of law for the court." *Id.* (brackets and citation omitted) (emphasis added). Necessarily, "[i]f, as a matter of law, the danger is *open and obvious*, it follows that the product is not unreasonably dangerous[.]" *Id.* (emphasis added) (internal quotation marks omitted). Thus, faced with a plain and palpable danger for purposes of a failure to warn claim, a court may determine such danger to be open and obvious as a matter of law. *See id.* at 366, 944 P.2d at 1309 (holding, as a matter of law, that the danger posed in using a straddle carrier, i.e., the blind zone, is obvious and apparent, discernable by casual inspection, and generally known and recognized); *Wagatsuma v. Patch,* 10 Haw.App. 547, 570, 879 P.2d 572, 585 (where the Intermediate Court of Appeals took judicial notice of the fact that it is obvious to all that swimming pools are dangerous to young children), *cert. denied,* 77 Hawai'i 373, 884 P.2d 1149 (1994).

*Maneely v. General Motors Corporation,* 108 F.3d 1176 (9th Cir.1997), a case relied upon by the *Tabieros* court, is fatal to the plaintiffs' claim that the dangers of riding in the bed of a pickup truck are *not* generally known to the ordinary consumer. In *Maneely,* the Ninth Circuit Court of Appeals squarely addressed whether the user of an ordinary pickup truck would readily recognize the dangers associated with riding in a pickup truck's open cargo bed, stating:

For years, crash test dummies have been regularly and routinely pulverized by government and private agencies to demonstrate to the public what happens to passengers during automobile wrecks. Television periodically subjects us to the disquieting results of these tests, most often in graphic slow motion. *Seatbelts and relentless "buckle up for safety" campaigns have been with us for decades.* Congress tied federal highway dollars to seatbelts in 1991. 23 U.S.C. § 153. These, of course, are the tangible and unmistakable evidence of our widespread and mature understanding of these everyday dangers, evidence which appears all around us not only in the form of seatbelts, but now airbags. *In fact, few things are more universal in our common experience than these active reminders of the need for bodily protection in a moving vehicle. Automobiles cannot be manufactured and sold in this country without seatbelts, 49 U.S.C. § 30127, and it is a public offense in 49 states to drive without buckling them in place* [.] . . . The California courts have called the lack of seatbelts "an obvious defect," an observation with which we wholeheartedly, agree. *Krawitz [v. Rusch],* 209 Cal.App.3d [957,] 966, 257 Cal.Rptr. 610, [(1989) ]. The manifest danger to which all of this is addressed is being ejected from the vehicle during a crash or being slammed against an unforgiving hard surface of the vehicle itself. *From all of this, we conclude that the dangers of riding unrestrained in a moving motor vehicle have become common knowledge and are firmly engraved upon the public consciousness.*

*If the public recognizes that travelling in the passenger compartment of an automobile without a seatbelt is dangerous, it only follows as night the day that · the public also recognizes that riding in the cargo bed of a pickup, where seatbelts and other occupant packaging are conspicuously absent, presents even greater risks. . . . While we recognize that some individuals, including Appellants, do ride in pickup cargo beds, this does not mean that the ordinary product user is ignorant of*

*the accompanying risks.* Unfortunately, ordinary intelligent people defy obvious dangers all the time.... At some point, manufacturers must be relieved of the paternalistic responsibility of warning users of every possible risk that could arise from foreseeable use of their product. That point comes when ordinary users readily recognize the risk on their own.

*Id.* at 1180 (footnote omitted) (emphases added). Accordingly, the court of appeals affirmed summary judgment in favor of the manufacturer of the pickup truck. *Id.*

 As enunciated in *Maneely*, it should be readily apparent and patently obvious to a passenger who chooses to ride in the bed of a pickup truck that he or she is completely unrestrained and unprotected from being ejected from the bed in an accident. We therefore hold, as a matter of law, that the dangers of traveling in the bed of a pickup truck are "open and obvious, discernible by casual inspection."[5] *Tabieros*, 85 Hawai'i at 364, 944 P.2d at 1307. Accordingly, Isuzu had no duty to warn potential passengers of such dangers, and Order I was properly issued.

With respect to Order II, the plaintiffs argue that Order II, which effectively dismissed all of the plaintiffs' claims against Isuzu, was also erroneous. Because the plaintiffs' argument is based solely on the premise that the dangers of riding in the bed of a pickup truck are not open and obvious and in light of our previous conclusion that such dangers are indeed open and obvious, we reject the plaintiffs' contention that the circuit court erred in issuing Order II.

**B.** *The circuit court's denial of a continuance was not an abuse of discretion.*

 The plaintiffs argue that the circuit court abused its discretion by ruling on Motion I despite their request for additional time to complete discovery. The plaintiffs, in their request for a continuance, asserted that discovery was necessary to "establish Isuzu's knowledge of the danger posed by passengers riding in the beds of its pickup trucks." Even assuming, *arguendo*, that Isuzu had such knowledge, the dispositive issue before the circuit court was whether Isuzu had a duty to warn. Because this is solely a question of law, the discovery requested was not only irrelevant, but would have subjected the parties to unnecessary cost and expense. We therefore hold that the circuit court did not abuse its discretion when it denied the plaintiffs' request for a continuance under HRCP Rule 56(f).

## IV. CONCLUSION

Based on the foregoing, we affirm the circuit court's September 2, 1997 final judgment in favor of Isuzu.

---

5. We note that the plaintiffs presented evidence to support their contention that the dangers of riding in the bed of a pickup are not generally known and obvious to the ordinary consumer. Some of the evidence can be summarized as follows: (1) Donald's own testimony that he personally did not perceive the danger of riding in the bed of the pickup truck; (2) U.S. National Transportation Safety Board Special Study Report (1981) describing that passengers riding in the cargo bed of a pickup truck were exposed to significantly greater risk of serious injury and death; (3) a statistical survey of public opinion conducted by Barbara Ankersmit, concluding that 51 out of 100 males, aged 15 to 17 and living on Oahu, "believed that a passenger could be reasonably safe riding in the back of a pickup truck if they had something to hold onto and were careful to keep their entire body inside the truck[;]" (4) a declaration by Gerald Rosenbluth, an automotive consultant, opining that "Isuzu's lack of warnings at the point of use—the pickup truck bed—as to the critical dangers of cargo bed occupancy constituted a defective and unreasonably dangerous condition[;]" and (5) a declaration by Robert J. Cunitz, Ph.D., a psychologist and certified human factors professional, opining that, "a significant portion of the consuming public, particularly teen-users, do not adequately appreciate that it is dangerous to ride in the cargo area of pickup trucks[.]"