# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00118-CV

---

### Keeshon Roland and Teanna Roland, Appellants

### v.

### DaimlerChrysler Corporation, and/or DaimlerChrysler Motors Corporation; and Heart of Texas Dodge, Inc., Appellees

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. 99-13941-A, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING

---

Appellants, Keeshon and Teanna Roland, sued appellees, DaimlerChrysler Corporation, DaimlerChrysler Motors Corporation, and Heart of Texas Dodge, Inc. (collectively referred to as "DaimlerChrysler") for personal injuries sustained by Keeshon while riding in the open bed of a pickup truck. The suit was based on theories of negligence and strict liability, alleging that DaimlerChrysler failed to warn of the danger posed by riding in the open bed of a pickup truck that was manufactured and sold by DaimlerChrysler. Concluding that the danger was open and obvious, the trial court granted summary judgment for DaimlerChrysler. On appeal, the Rolands claim the trial court erred in holding as a matter of law that DaimlerChrysler had no duty to warn. We will affirm the trial court's grant of summary judgment.

## FACTS

The facts of this case are not in dispute. Keeshon Roland, who is not a minor, was riding in the open bed of a pickup truck traveling east on FM 20 in Caldwell County. The truck was driven by a third party who was intoxicated. The driver swerved, claiming he did so to avoid an animal (that was not seen by the other passengers in the truck), and struck a guard rail. Keeshon was ejected from the truck bed and was seriously injured. The truck was designed, manufactured, and sold by DaimlerChrysler.

## DISCUSSION

The Rolands' only point of error asserts that the trial court erred in ruling that riding in the unprotected bed of a pickup truck is, as a matter of law, an open and obvious danger and in consequently granting summary judgment for DaimlerChrysler. The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). Because the propriety of the summary judgment is a question of law, this Court reviews the judgment de novo. *Grocers Supply Co. v. Sharp*, 978 S.W.2d 638, 642 (Tex. App.—Austin 1998, pet. denied).

In Texas, a manufacturer has no duty to warn of open and obvious dangers. *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 382 (Tex. 1995). Whether a hazard is an open and

2

obvious danger is a question of law, not of fact. *Id.* at 383. Although we have found no case in Texas directly on point, the facts in this case are similar to the facts in *Caterpillar*.[1] In *Caterpillar,* the supreme court held that riding in a front-end loader which was open to the air was an open and obvious danger as a matter of law, and that the manufacturer had no duty to warn of such a danger. *Id.* at 382-83. The front-end loader was a construction vehicle operated with no sides or top, much like the bed of a pickup truck. *Id.* at 381. The driver of the loader was struck from behind by another loader and injured because of the lack of a cage to protect him. Similarly, the bed of a pickup truck provides little protection to any of its occupants.

The Rolands' evidence that the condition is not an open and obvious danger fails to convince us that the trial court erred. Keeshon's self-serving affidavit, stating that if he had been warned he would not have ridden in the bed, combined with the testimony of the Rolands' safety engineer, does not raise a question of material fact. The safety engineer relied on several exhibits from various associations and government agencies that detail attempts to raise public awareness of the danger posed by riding in the back of pickup trucks. One of these asserts that Texans continue to ride in the back of trucks because it is a "Texas way of life." This, however, does not tend to show that Texans are ignorant of the risks involved. This evidence neither supports nor undermines their conclusion. People often do dangerous things for reasons we may not understand, while fully appreciating the risks involved. Its open nature and the lack of restraining devices in the bed of a

---

[1] For cases outside this jurisdiction holding that riding in the bed of a pickup truck is an open and obvious danger as a matter of law, *see Maneely v. General Motors Corp.*, 108 F.3d 1175 (9th Cir. 1997), and *Josue v. Isuzu Motors America, Inc.*, 958 P.2d 535 (Haw. 1998).

pickup truck make it immediately apparent to the ordinary and reasonable observer that the potential for ejection exists for anyone riding there. We firmly believe that people have a sufficient intuitive grasp of the basic laws of physics to ensure that if one is in an open and unprotected area of a truck, the consequences of a sudden start, stop, or turn are understood and appreciated as a matter of common knowledge.[2]

The Rolands attempt to turn a legal question into a factual one by relying on dicta from *Caterpillar*. *Id*. at 383. While supreme court dicta may be persuasive, it is not necessarily binding. *See Rodriguez v. Jim Walter Homes, Inc.*, 638 S.W.2d 108, 110 (Tex. App.—Corpus Christi 1982, no writ). The court in *Caterpillar* noted that it "did not [in *Joseph E. Seagram & Sons, Inc. v. McGuire,* 814 S.W.2d 385 (Tex. 1991)], foreclose the possibility that in some situations there could be a fact question about whether consumers have common knowledge of risks associated with a product." *Caterpillar*, 911 S.W.2d at 383. The *Seagram* case was also based on product liability (in that case, alcohol) and accusations that a manufacturer failed to warn of dangers associated with its product. *Seagram & Sons,* 814 S.W.2d at 385. The court in *Seagram*, however, was referring to situations where the particular type of harm resulting from a danger was not within the common knowledge of members of the public, such as the likelihood of developing specific diseases from

---

[2] The evidence submitted by the Rolands states that most fatalities resulting from ejection from the beds of pickup trucks are to minors. In fact, the majority of the Rolands' evidence speaks of danger to minors. Because Mr. Roland was not a minor at the time of the accident, this evidence is not applicable. Characteristic of the Rolands' evidence are exhibits from the North Brunswick Township police department and the Michigan PTA. While it is understandable that these organizations are concerned about the safety of the children in their communities, the exhibits themselves do not bear directly on the question at issue.

4

drinking alcohol as opposed to the likelihood of becoming an alcoholic. *Seagram*, therefore, does not support the Rolands' position.

The Rolands ask this Court to overturn the trial court's determination that riding in the bed of a pickup truck is an open and obvious danger as a matter of law. We conclude that DaimlerChrysler has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

## CONCLUSION

We overrule the Rolands' point of error and affirm the trial court's grant of summary judgment.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   December 7, 2000

~~Do Not Publish~~  Released for publication December 21, 2000.  Tex. R. App. P. 47.3(c).

5