TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00192-CV







St. Paul Insurance Company, Appellant



v.



Texas Department of Transportation, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-12662-B, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING








 Appellant St. Paul Insurance Company ("St. Paul") seeks reversal of the trial court's
summary judgment in favor of the Texas Department of Transportation ("TxDOT"). The trial court
found that St. Paul owed TxDOT, as an insured, a duty to defend for the period from July 8, 1999
to December 20, 2000. St. Paul disputes the existence of this duty, alleging that TxDOT failed to
meet its summary judgment burden and that the trial court erred by ruling in favor of TxDOT. We
will reverse the trial court's grant of summary judgment.


BACKGROUND

 In 1993, J.D. Abrams, Inc. ("Abrams") contracted with the State of Texas to build a
portion of Beltway Eight outside Houston. Abrams, as general contractor, agreed to provide
insurance coverage for its work, naming TxDOT as an additional insured on its Contractors
Commercial General Liability Protection policy ("CGL policy"). Under the CGL policy, St. Paul
was to provide insurance coverage up to the total amount of two million dollars or one million
dollars per event for any bodily injury or property damage liability incurred by Abrams. St. Paul also
had a "right and duty to defend any claim or suit for covered injury or damage. . . loss made or
brought against any protected person." In addition, the CGL policy contained an exhaustion
provision stating that St. Paul's "duty to defend claims or suits ends when they have used up the
limits of coverage that apply with the payment of judgments, settlements or medical expenses." Allegedly due to the beltway construction, a number of properties were damaged by
a flood in late 1994, and the property owners filed a class-action suit against Abrams and TxDOT,
among others. TxDOT demanded that St. Paul defend the department as an additional insured, but
St. Paul refused. St. Paul Ins. Co. v. Texas Dept. of Transp., 999 S.W.2d 881, 883 (Tex.
App.--Austin 1999, pet. denied). In that class-action suit, TxDOT filed a motion for summary
judgment seeking an adjudication of St. Paul's duty to defend it. Id. The motion was granted by the
trial court, holding that St. Paul owed TxDOT a duty to defend; on appeal, this Court affirmed the
summary judgment holding that St. Paul had a duty to defend TxDOT. Id. On or about July 8, 1999,
shortly before our opinion issued, St. Paul and Abrams entered into an agreement ("the Agreement")
with the plaintiffs in the underlying suit. The Agreement stated that the plaintiffs would fully and
completely release Abrams, St. Paul, and anyone else who might be liable for the work or conduct
which was the subject of the underlying suit. Based on its contention that all claims had been settled
and that the exhaustion clause accordingly relieved it of any further duty to TxDOT, St. Paul refused
to acknowledge a duty to defend TxDOT after July 8, 1999. Once again, TxDOT filed a motion for
summary judgment asking for an adjudication of the continuing duty to defend. The trial court
granted TxDOT's motion, and St. Paul appealed.


STANDARD OF REVIEW

 St. Paul's only issue asserts that the trial court erred in ruling that, as a matter of law,
St. Paul has a continuing duty to defend TxDOT. The standards for reviewing a summary judgment
are well established: (1) the movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor. Roland v. DaimlerChrysler
Corp., 33 S.W.3d 468, 469 (Tex. App.--Austin 2000, pet. denied) (citing Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). Because the propriety of the summary judgment is a
question of law, this Court reviews the judgment de novo. Id.


DISCUSSION

 In disposing of St. Paul's first summary judgment appeal, this Court applied the eight
corners rule. St. Paul, 999 S.W.2d at 884; see also Farmers Tex. County Mut. Ins. Co. v. Griffin,
955 S.W.2d 81, 82 (Tex. 1997). In applying the rule, we looked to the allegations in the pleadings
and the language of the insurance policy. St. Paul, 999 S.W.2d at 884. We established that St. Paul
owed TxDOT a duty to defend it in the underlying action. Id. St. Paul emphasizes that it is not
challenging this Court's prior determination; it contends that its only issue in this appeal is whether
the July Agreement constituted a settlement which exhausts the CGL policy's limits, thereby
terminating St. Paul's duty to defend TxDOT.

 St. Paul argues that TxDOT failed to meet its summary judgment burden. TxDOT
responds that it has met its burden by showing that St. Paul owes it a general duty to defend. See St.
Paul, 999 S.W.2d at 881. TxDOT contends that St. Paul has the burden of proving the applicability
of any policy defenses, such as the exhaustion provision. See Texas Farmers Ins. Co. v. Murphy,
996 S.W.2d 873, 879 (Tex. 1999). (1) St. Paul argues that the exhaustion provision is not a policy
defense. Instead, St. Paul asserts that the provision is merely a qualification on the duty to defend,
manifesting the parties' intent to limit the duty to the time before the policy limits are exhausted. 
See American States Ins. Co. v. Arnold, 930 S.W.2d 196, 201 (Tex. App.--Dallas 1996, writ denied)
(construing exhaustion provision of insurance policy to be unambiguously read in favor of insurer).

 According to the plain language of the CGL policy, St. Paul's duty to defend ends
when the limits of coverage are met or exceeded through payment of judgments, settlements or
medical expenses. This provision does not specify a defense or exception to providing a legal
defense to an insured; instead, it states a condition upon that duty. Therefore, St. Paul contends that
TxDOT did not meet its summary judgment burden merely by establishing the existence of St. Paul's
general duty to defend. Once St. Paul raised the issue of whether the July Agreement exhausted the
policy limits, thereby terminating its duty to defend, TxDOT's summary judgment burden required
it to negate that issue as a matter of law. See Roland, 33 S.W.3d at 469.

 The principal issue in this appeal, then, is whether the Agreement between Abrams,
St. Paul, and the plaintiffs serves as a settlement agreement, thereby activating the exhaustion
provision of the CGL policy. TxDOT alleged in its motion for summary judgment that a settlement
has not yet occurred in this case. It cites the language of the Agreement letter to illustrate that the
alleged settlement is tentative, nonbinding, and dependent upon several contingent factors, such as
plaintiff approval. (2) St. Paul, on the other hand, maintains that the Agreement is a settlement. The
record on appeal contains the affidavits of St. Paul's attorney and the plaintiffs' attorney, both of
whom manifest an agreement to the "stated settlement terms." The record also contains a copy of
the settlement check, which is currently being held in trust, subject to the fulfillment of the
settlement's contingencies. (3) While these facts do not conclusively establish that this Agreement is
a full and final settlement of all claims, taking all evidence favorable to St. Paul as true and indulging
every reasonable inference in favor of St. Paul, there remains a genuine issue of material fact:
whether the cause has been settled so that the limits of the policy are exhausted, thereby terminating
St. Paul's duty to defend TxDOT. Because TxDOT has not shown that it is entitled to judgment as
a matter of law, we reverse the trial court's summary judgment.

CONCLUSION

 Because there is a genuine issue of material fact as to whether the Agreement is a
final settlement triggering the policy's exhaustion provision, the trial court erred by sustaining
TxDOT's motion for summary judgment. Accordingly, we reverse the trial court's judgment and
remand the cause for further proceedings.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: December 20, 2001

Do Not Publish

1. In Texas Farmers, an arsonist burned his own home to the ground and attempted to recover
under his homeowner's insurance policy. Texas Farmers Ins. Co. v. Murphy, 996 S.W.2d 873 (Tex.
1999). The insurance company denied the claim, and his wife, who did not contribute to the arson,
filed her own claim. Id. at 875. The court held that a plaintiff seeking recovery under an insurance
policy must prove only those provisions that allow recovery. Id. at 879.
2. The following excerpts from the Agreement indicate that its finality is questionable: (1)
"the tentative agreement between the Plaintiffs, J.D.Abrams and St. Paul to settle any and all claims
. . ."; (2) "voidable at the election of J.D. Abrams if . . ."; and (3) "binding only if 90% of . . .
Plaintiffs elect to be bound . . ." (Emphasis added).
3. The check, made payable to the Reich & Binstock/Musselwhite Pearland Trust Account,
contains the words "full and final settlement of any and all claims" typed in the memo space. The
check is being held in the plaintiffs' attorney's trust account.