**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000025
18-DEC-2024
08:08 AM
Dkt. 44 SO**

NO. CAAP-21-0000025


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE
POOLING AND SERVICING AGREEMENT DATED AS OF MARCH
1, 2007, GSAMP TRUST 2007-HE2, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-HE2,
Plaintiff- Appellee,
v.
AISEA LELENOA AKA AISEA M. LELENOA,
Defendant-Appellant,
and
LEOLANI LELENOA, Defendant-Appellee,
and
DOES 1 THROUGH 20, INCLUSIVE, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-0303K)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

In this appeal from a foreclosure decree, Defendant-
Appellant Aisea Lelenoa (**Lelenoa**) appeals from the December 17,

2020 "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed March 11, 2019[,]" and "Judgment," entered in favor of Plaintiff-Appellee U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of March 1, 2007, GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 (**US Bank**) by the Circuit Court of the Third Circuit.[1]

Lelenoa raises eight points of error (**POEs**), contending the Circuit Court erred in granting summary judgment because:  **(1)** US Bank did not establish standing to pursue the foreclosure; **(2)** the governing documents of the GSAMP Trust 2007 HE2 (**Trust**) "render[ed] any attempted acquisition of assets past April 20, 2007 void as a matter of law," where the Trust "obtained its interest on March 5, 2013"; **(3)** a genuine issue of fact was raised whether the doctrine of unclean hands precluded US Bank from obtaining the equitable remedy of foreclosure; **(4)** US Bank's declaration under the Coronavirus Aid, Relief, and Economic Security (**CARES**) Act "was insufficient to meet" the requirements of the Hawai'i Supreme Court's June 26, 2020 order; and **(5)** Lelenoa was entitled to "additional time to conduct discovery under [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 56(f)."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]     The Honorable Wendy M. DeWeese presided.

[2]     Lelenoa's POEs have been numbered and consolidated for clarity. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring POEs be "set forth in separately numbered paragraphs").  We have consolidated POEs 1, 3 and 7, which all relate to Lelenoa's standing challenge, and POEs 4 and 6, which relate to Lelenoa's unclean hands argument.

the arguments advanced and the issues raised by the parties, we resolve Lelenoa's POEs as follows, and affirm.

**(1)** Lelenoa claims US Bank lacked standing because it failed to submit declarations from witnesses qualified to authenticate the copy of the subject note (**Note**), and did not establish continuous possession of the Note from the filing date of the Complaint through the grant of summary judgment. This contention lacks merit.

This court reviews the Circuit Court's grant or denial of summary judgment de novo. Nationstar Mortg. LLC v. Kanahele, 144 Hawai'i 394, 401, 443 P.3d 86, 93 (2019) (citation omitted). Affidavits in support of a motion for summary judgment "must be scrutinized to determine whether the facts they aver are admissible at trial and are made on the personal knowledge of the affiant." Id. (cleaned up). "Where admissibility of evidence is determined by application of the hearsay rule . . . the appropriate standard for appellate review is the right/wrong standard. Id. at 402, 443 P.3d at 94 (cleaned up). Admissibility of business records under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6) is also reviewed pursuant to the right/wrong standard. Id.

A copy of a promissory note submitted in support of a motion for summary judgment may be properly authenticated by the testimony of a witness with knowledge that the copy is a true and correct copy of what it claims to be. U.S. Bank Tr., N.A. as Tr. For LSF9 Master Participation Tr. v. Verhagen, 149 Hawai'i 315, 325, 489 P.3d 419, 429 (2021); HRE Rule 901(a) and (b)(1).

Lloyd T. Workman (**Workman**), one of the attorneys representing US Bank, filed declarations at the time of the filing of the Complaint on September 28, 2017, and again when US Bank moved for summary judgment on March 11, 2019. In his first

declaration with the Complaint, Workman stated he "personally reviewed the original wet-ink Note" on September 26, 2017, and it was being stored at Aldridge Pite, LLP's (**Aldridge Pite**) San Diego office.  In his declaration attached to the March 11, 2019 motion for summary judgment, Workman states he received the original Note "on or about June 26, 2017"; he "personally reviewed the original Note" on February 19, 2019; and a "true and correct copy" of the Note was attached as an exhibit. Workman stated that Aldridge Pite used "Phoenix" as its system of record keeping; he reviewed scanned copies of the bailee letter and the Note stored and saved in Phoenix to determine when the Note was received and to provide a copy of the Note to the court; and the original Note was being stored at Aldridge Pite's San Diego storage facility.

Susana Jimenez's (**Jimenez**) August 26, 2020 declaration stated that she was an "Office Services Assistant and Original Document Custodian for Aldridge Pite"; and she was "familiar with" how original loan documents were received, processed, and stored by Aldridge Pite.  When an original document package (**Collateral File**) was received, she immediately:  (i) reviewed what was received; (ii) logged the contents in an Original Document Log for the San Diego office; (iii) created a digital image/scan/pdf of each document included therein, which was then stored as a business record on Aldrige Pite's computer system; and (iv) prepared and transmitted an electronic mail (**Email**) message to the Aldridge Pite attorney and paralegal handling the matter with which the Collateral File was associated.

On June 26, 2017, she received at Aldridge Pite's San Diego office the original blank-indorsed Note, "initialed and executed the Bailee Letter," and entered the information into Phoenix, Aldridge Pite's electronic document and case management

system. She "placed the Collateral File for the subject loan in Aldridge Pite's original document waterproof/fireproof safe in the San Diego [o]ffice." The original Note was stored in Aldridge Pite's San Diego office safe from June 26, 2017 until April 10, 2020, when it was sent to Aldridge Pite's Honolulu office. Aldridge Pite's Honolulu office sent it back to Aldridge Pite's San Diego office, where it was received on August 18, 2020, and remained stored in Aldridge Pite's San Diego office safe.

The Workman and Jimenez declarations established that Aldridge Pite had physical possession of the Note continuously from June 26, 2017 through the time of filing the motion for summary judgment. Their declarations reflected their personal knowledge of the matters attested to in their declarations. See Kanahele, 144 Hawaiʻi at 401, 443 P.3d at 93.

We reject Lelenoa's argument that because the copy of the Note, Bailee Letter, and Email Jimenez says she sent to the assigned attorneys, were all prepared in anticipation of litigation, and because the Bailee Letter was addressed to both Aldridge Pite and Lelenoa, such records are inherently untrustworthy.

Once a summary judgment movant satisfies its initial burden of production, "the party opposing summary judgment must demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018)(cleaned up).

There is nothing inherently suspicious about a loan servicer sending the original wet-ink note to the attorneys hired to pursue the foreclosure. Despite Lelenoa's claim that the Bailee Letter "appears to be addressed to both Aldridge Pite

and to [] Lelenoa" and "sheds ambiguity" regarding to whom the original Note was delivered, Lelenoa did not introduce any evidence that he received the original Note, and Lelenoa did not contradict the Jimenez and Workman declarations that Aldridge Pite received and was holding the original Note. We conclude that US Bank submitted admissible evidence to establish its standing to pursue the foreclosure in this case. See Kanahele, 144 Hawai'i at 401, 443 P.3d at 93.

**(2)** Lelenoa argues that US Bank was not entitled to summary judgment because it failed to establish its authority to act as trustee for the Trust and that any attempted acquisition of assets past the Trust's closing date was void as a matter of law.

A borrower lacks standing to challenge an assignment of the foreclosed mortgage where the foreclosing party produces documents showing a direct chain of title from the initial lender. U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawai'i 170, 175, 338 P.3d 1185, 1190 (App. 2014). Noncompliance with the terms of a trust's governing document renders an assignment voidable, not void. Id. at 176, 338 P.3d at 1191.

Here, US Bank showed a direct chain of title from the original lender, New Century Mortgage Corporation, to itself. The record reflects the Note was endorsed in blank by New Century Mortgage Corporation, and as such, was payable to the bearer under Hawaii Revised Statutes (**HRS**) § 490:3-205 (2008). Under HRS § 490:3-301, the holder of an instrument is "entitled to enforce" it. US Bank established its possession of the Note and was not required to introduce evidence that it was the trustee. Lelenoa's challenge to the grant of summary judgment on this basis lacks merit.

**(3)** Lelenoa's unclean hands argument rests on his claim that US Bank was being dishonest, because the Assignment of Mortgage it presented showed the Trust acquiring the Note beyond the closing date of the Trust. For the reasons previously discussed, this argument lacks merit.

**(4)** Lelenoa argues the CARES Act declaration submitted by US Bank was deficient because the declarant's statements were based on information in business records, and none of the business records reviewed or relied upon were identified or submitted for the court's review.

The Hawaiʻi Supreme Court's June 26, 2020 "Order Regarding Foreclosure or Non-Judicial Foreclosure Related Actions: Certification of Compliance with the [CARES] Act in Foreclosures" (**June 26, 2020 Order**) required all parties pursuing foreclosure to file a declaration containing information in compliance with protections for borrowers under the federal CARES Act.[3] Pertinent to this appeal, which US Bank stated involved a non-federally-backed loan, the June 26, 2020 Order required that:

> 1. Any party . . . pursuing a judicial foreclosure action or an action in our state courts arising out of a judicial or non-judicial foreclosure . . . must file a signed declaration attesting under penalty of law or perjury, and based on personal knowledge, that the mortgage subject to the foreclosure action or non-judicial foreclosure:
>
> > a. is NOT a federally backed mortgage loan as defined by § 4022(a)(2) of the CARES Act. . . .

---

[3] The CARES Act required lenders to grant forbearance to borrowers with federally-backed mortgage loans who were experiencing financial hardship due to the COVID-19 emergency for up to 180 days, upon borrowers' request. 15 U.S.C. § 9056(b)(2). Lenders were required to extend the period of forbearance for an additional 180 days, upon request.

See SCMF-20-0000152 June 26, 2020 Order at 2.  The June 26, 2020 Order was extended until December 31, 2020.  See SCMF-20-0000152 August 28, 2020 Order.

Here, US Bank's July 30, 2020 declaration from loan servicing agent Daniel Delpesche (**Delpesche**), stated that:  he was employed as an authorized loan servicing agent for US Bank; he was familiar with the CARES Act and understood the definition of "federally backed loans"; and that based on Delpesche's personal knowledge and review of records for the subject loan, the loan to Lelenoa was not a federally-backed loan.

The June 26, 2020 Order did not require a declarant to identify or attach the business records that the declarant reviewed to determine whether the mortgage loan was a federally-backed loan.  We conclude the Circuit Court did not err in finding the CARES Act declaration sufficient and rejecting Lelenoa's summary judgment challenge on this ground.

**(5)**  Lelenoa argues that the Circuit Court erred in denying his HRCP Rule 56(f) continuance because no discovery deadline had passed, and there remained genuine issues of material fact regarding US Bank's capacity as Trustee and acquisition of the subject mortgage into the Trust.

"A trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) will not be reversed absent an abuse of discretion."  Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (quoting Josue v. Isuzu Motors Am., Inc., 87 Hawaiʻi 413, 416, 958 P.2d 535, 538 (1998)).  "An abuse of discretion occurs if the trial court 'clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'"  Id. (quoting Amfac, Inc. v. Waikiki

8

Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992)). "A request for continuance pursuant to HRCP Rule 56(f) must demonstrate how postponement of a ruling on the motion will enable the non-moving party, by discovery or other means, to rebut the movant's showing of absence of a genuine issue of fact." Bank of Am., N.A. v. Hill, No. CAAP-13-0000035, 2015 WL 6739087, at *10 (Haw. App. Oct. 30, 2015) (mem. op.) (citing Acoba v. Gen. Tire, Inc., 92 Hawai'i 1, 9, 986 P.2d 288, 296 (1999)). As set forth supra, because Lelenoa lacked standing to challenge the assignment of the mortgage to the Trust, and US Bank established it was in possession of the blank-endorsed Note, the Circuit Court did not abuse its discretion in denying the request for continuance. See Kaleikini, 128 Hawai'i at 67, 283 P.3d at 74; Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190.

For the foregoing reasons, the "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed March 11, 2019" and "Judgment," both filed and entered on December 17, 2020 by the Circuit Court of the Third Circuit, are affirmed.

DATED: Honolulu, Hawai'i, December 18, 2024.

On the briefs:

Richard T. Forrester
for Defendant-Appellant.

Justin S. Moyer
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge