Harvey J. CARWILE, Plaintiff,

v.

Governor Dixie Lee RAY, State of Washington; and Sheriff William J. Reilly, County of Spokane, Defendants.

No. C 78–104.

United States District Court, E. D. Washington.

Nov. 26, 1979.

**34**

Harvey J. Carwile, pro se.

Nate D. Mannakee, Asst. Atty. Gen. by Garald A. Gesinger, Deputy Pros. Atty., Spokane, Wash., for defendants.

## MEMORANDUM DECISION AND ORDER

### (In Favor of Defendants and Against Plaintiff)

HAUK, District Judge, Sitting by Designation.

On April 10, 1978, plaintiff, then a prisoner in the Spokane County-City jail, began this action by filing a pro se complaint alleging that he was being deprived of certain Federal constitutional rights by the conditions of his confinement in the jail. Specifically, plaintiff claims that he was subjected to cruel and unusual punishment because due to ill health he was restricted to his cell during the entire time he had been confined; was deprived of medical attention; was deprived of nutritional meals; and suffered inhumane conditions of confinement mainly attributable to the type of bedding in the cell. Plaintiff also alleges an invasion of his privacy by virtue of the opening of almost all of his mail, including mail between himself and the courts. The action is brought against Dixie Lee Ray, Governor of the State of Washington and William J. Reilly, Sheriff for the County of Spokane, Washington.

Plaintiff has filed a Motion for Default Judgment. Defendant Ray has moved for dismissal of the action with respect to her for failure of plaintiff to allege any facts upon which relief may be granted. Defendant Reilly has moved for Summary Judgment. After reviewing the pleadings, affidavits and all other supporting documents herein the Court now renders its Memorandum Decision and Order which shall constitute the Findings of Fact and Conclusions of Law pursuant to Rules 41(b) and 52(a), Fed.R.Civ.P.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Reilly was served with the Summons and Complaint on the 13th of April, 1978. Defendant Ray was served with the Summons and Complaint in this action on the 17th of April, 1978. Thereupon each had 20 days to file an answer or to otherwise respond to plaintiff's Complaint. Rule 12, Fed.R.Civ.P.

On May 10, 1978, defendant Reilly filed his Answer in response to plaintiff's Complaint. On May 12, 1978, plaintiff moved for default judgment. On May 30, 1978, defendant Ray's time to respond was extended to May 29, 1978. On July 7, 1978, defendant Ray filed her Motion to Dismiss.

In plaintiff's Motion for Default Judgment, plaintiff asks that he be released from incarceration and that he be awarded punitive and consequential damages to be set by the Court. Since plaintiff is no longer incarcerated in the jail or in any sort of custody, his request for release is clearly moot. The only remaining remedy sought by plaintiff and now before this Court is plaintiff's prayer for damages.

In moving for default judgment, plaintiff has proceeded improperly. Under this Court's Local Rules, a party seeking a Default Judgment must submit an affidavit showing the principal amount due. Rule 21 of the General Rules of the United States District Court for the Eastern District of Washington. This, the plaintiff has failed to do. Accordingly, he has not satisfied this Court's requirements for entry of default judgment.

Plaintiff has also failed to follow notice requirements of Rule 55(b)(2), Fed.R.Civ.P. This section requires service upon any party that has appeared when judgment by default is sought against that party. On May 1, 1978, defendant Ray filed a Notice of Appearance and, as shown earlier, defendant Reilly's Answer was filed two days before the Motion for Default Judgment. Both defendants were entitled to notice. Therefore, plaintiff has proceeded improperly and his motion must be denied.

▮ Even if plaintiff had proceeded properly, the Court would still deny the motion. "The grant or denial of a motion for the entry by the court of a default judgment lies within the sound discretion of the trial court". 6 Moore's Federal Practice, ¶ 55.05[2] (2d ed. 1976 & Supp.1978–79).

The court, in exercising its discretion, may properly consider such factors as the following: whether the defendant's failure to plead or otherwise defend is largely technical; whether the plaintiff will be prejudiced, and, if so, the extent thereof; whether the entry of the default judgment would result in injustice. *Id.*

With respect to defendant Reilly, the Court finds that the facts necessitate the exercise of discretion by denying plaintiff's motion. Defendant Reilly's answer was filed only a few days late. To enter default judgment against this defendant, we would have to apply Rule 55(b)(2) in a legalistic and highly technical manner with the end result of an extreme miscarriage of justice. *See Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962). It follows that we must exercise our discretionary powers to deny plaintiff's application for default judgment as against defendant Reilly.

With respect to defendant Ray, the Court also finds it necessary to exercise its discretion to deny plaintiff's motion. As will be shown later, plaintiff has utterly failed to allege any facts in the Complaint which would support a claim for relief against defendant Ray. Here again, to grant plaintiff's motion would work an extreme miscarriage of justice. Accordingly, plaintiff's Motion for Default Judgment against defendant Ray is also denied.

## DEFENDANT RAY'S MOTION TO DISMISS

▮ Although plaintiff does not specify the jurisdictional basis for this action, it is clear that plaintiff is necessarily proceeding under 42 U.S.C. § 1983. This section provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The law is clear that in order to successfully impose liability under 42 U.S.C. § 1983, a plaintiff must show personal involvement by the putative defendant in the activities that allegedly deprived plaintiff of any constitutional rights. *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691–695, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here plaintiff has *utterly failed* to assert *any* facts that show a personal involvement by defendant Ray. Accordingly, the action is properly dismissed with respect to defendant Ray by reason of plaintiff's failure to allege any facts upon which relief may be granted. Rules 8(a) and 12(b)(6), Fed.R. Civ.P.

## DEFENDANT REILLY'S MOTION FOR SUMMARY JUDGMENT

▮ The affidavits submitted in support of defendant Reilly's Motion for Summary Judgment clearly and uncontrovertedly show that plaintiff was not forced to be alone in his cell but had untrammeled use of the day room from 6:00 a. m. until 9:30 p. m. each day, that plaintiff was provided with substantial medical attention, that adequate nutritional standards were main-

**36**

tained in the jail's meals, that plaintiff was adequately provided with showering facilities, that the bedding met the standards applicable to this type of facility and that only personal mail was opened and inspected and if some "judicial" mail was opened and inspected it was done without knowledge, consent, or direction of defendant Reilly but was done in direct disobedience of the standing order of defendant Reilly.

In view of the facts conclusively demonstrated in this action by the uncontradicted affidavits, it is clear that the actions taken by defendant Reilly do not constitute cruel and unusual punishment as defined by *Gregg v. Georgia*, 428 U.S. 153, 169–73, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), or deprivations of medical attention or an adequate diet as defined by *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, *rehearing denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). Furthermore, it is equally clear that defendant did not violate the standards of *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) in the opening and inspecting of plaintiff's mail. If some "judicial" mail was opened and inspected, it is uncontroverted that defendant Reilly had no personal involvement in this action. On the contrary, it was the direct order of defendant that such mail was not to be opened or inspected. As stated earlier, for liability to attach to a defendant under 42 U.S.C. § 1983, the plaintiff must show personal involvement by the defendant in the actions that allegedly deprived plaintiff of his constitutional rights. The conclusion is irrefutable that all actions by the defendant Reilly with respect to plaintiff were reasonable and well within the law and Reilly's lawful authority. Plaintiff was not deprived of any of his Federal constitutional rights. There being no genuine issue as to any material fact, defendant Reilly is entitled to judgment as a matter of law against plaintiff, and plaintiff can take nothing by his Complaint and its allegations. Rule 56, Fed.R.Civ.P.

### CONCLUSION

In view of the procedural defects of plaintiff's Motion for Default Judgment and in order to prevent extreme miscarriage of justice, plaintiff's Motion for Default Judgment must be denied. Since plaintiff has totally failed to allege *any* facts upon which relief may be granted against defendant Ray, this defendant's Motion for Dismissal should be granted. In view of the uncontradicted facts presented by defendant Reilly, the Court finds no Federal constitutional violations in his conduct, and Summary Judgment shall be ordered for defendant Reilly and against plaintiff.