Isaac James **HUDSON, Jr.,** Plaintiff,

v.

**STATE OF NORTH CAROLINA
and Mary H. Potter, Clerk of
Superior Court, Defendants.**

**No. 4:94–CV–107–BO2.**

United States District Court,
E.D. North Carolina,
New Bern Division.

Oct. 13, 1994.

Isaac James Hudson, pro se.

Virginia A. Gibbons, Associate Atty. Gen., N.C. Dept. of Justice, Raleigh, NC, for defendants.

### ORDER

DENSON, United States Magistrate Judge.

This action is now before the court on the following motions: Plaintiff's Motion for Default Judgment, and Defendants' Motion to Enlarge Time. Because they are to some extent interrelated, they will be considered together.

1. The court is unable to definitively trace the state court action because the exhibits referred to in defendants' Memorandum in Support, which were to have contained relevant extracts from the state court record, were *not* attached to the

### I. *Background*

This case was begun by the filing of a *pro se* complaint on August 3, 1994 seeking $2.5 Million in damages and prospective injunctive relief arising out of denial by a State court to the Plaintiff of visitation rights with his minor children. The underlying action was begun by this Plaintiff on January 30, 1989 in the Pamlico County District Court as an action for divorce from bed and board, child custody and child support. This domestic action has apparently been hotly contested ever since, with results largely unfavorable to the Plaintiff.[1] He complains here that he has been unable to get a fair adjudication of his domestic case in state court and that he has thereby been denied certain of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff named as defendants in this action the State of North Carolina and Mary H. Potter, Clerk of Superior Court of Pamlico County, presumably in her official capacity. On September 6, 1994 Defendants filed a Motion to Dismiss. On September 19 Plaintiff filed a Motion for Default Judgment, contending the September 6 filing by Defendants was untimely. Lastly, on September 22 Defendants filed a Motion to Enlarge Time in which they seek, *nunc pro tunc*, to extend the time for filing Answer or to otherwise plead to September 6.

### II. *Plaintiff's Motion for Default Judgment* and *Defendants' Motion to Enlarge Time*

Plaintiff's Motion for Default Judgment was filed September 19, 1994. It alleges: that the action was begun, proper service had on all defendants, that more than 20 days have elapsed since the service of the complaint, that the Defendants are in default, that injunctive relief should be ordered and that a hearing be held to set the amount of monetary damages.

Rule 55(a) provides that:

complaint. As a matter of good practice, counsel should routinely check filings to ensure that exhibits are attached. Further, the Memorandum is single-spaced, in violation of Local Rule 3.06(a).

When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(emphasis added). The rule goes on to indicate that after the entry of default by the clerk, judgment by default may be entered by the clerk for a sum certain and by the court after a determination of damages on notice to the defaulted party.

█ The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a). *Wickstrom v. Ebert,* 101 F.R.D. 26, 33 (E.D.Wis.1984). Thus, it is clear that if a Motion to Dismiss, pursuant to Rule 12, is timely filed, the action is defended and default should not be entered. Here, the Motion to Dismiss was filed late and the question arises whether default should be entered when the filing of the Motion to Dismiss was after the deadline for filing answer "or otherwise defend(ing)."

Although there is a surprising lack of authority on the specific point, the court concludes that the lateness of the filing of the Rule 12 motion is irrelevant because the Defendants' motion was filed before the Plaintiff's Motion for Default Judgment. At the time the Plaintiff moved for default judgment, Defendants were no longer in default. Their filing, however late, cured their default and thereafter entry of default would not be appropriate.

█ Other courts have reached this conclusion on a basis of exercise of discretion. *E.g., U.S. On Behalf of Time Equip. Rental v. Harre,* 983 F.2d 128, 130 (8th Cir.1993); *Carwile v. Ray,* 481 F.Supp. 33, 35 (E.D.Wash.1979). Factors to consider in this exercise include whether the plaintiff will be prejudiced and, if so, the extent thereof, and whether the entry of default judgment would result in injustice. *Carwile* at p. 35. Further, decisions based on merits of an action are favored over judgments entered on procedural default. *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). Because plaintiff has shown no prejudice from denial of entry of default and because it appears that default judgment would result in injustice, and be-

cause default judgments are disfavored, in the court's discretion plaintiff's motion for default judgment should be denied.

█ Moreover, procedurally default judgment is improper because as a condition precedent entry of default should be entered by the clerk on application by the plaintiff and this has not been done. *See* Rule 55, Fed. R.Civ.P.

Out of an abundance of precaution, defendants have moved for an extension of time in which to file answer or otherwise plead to September 6, the date of the filing of their Motion to Dismiss. By context, although not expressly, the motion seeks *nunc pro tunc* relief. While the court believes such motion unnecessary, it is ALLOWED because the court finds excusable neglect.

In summary, Defendants' Motion to Enlarge Time to September 6, 1994 in which to file their Motion to Dismiss IS ALLOWED, *nunc pro tunc,* and the Plaintiff's Motion for Default Judgment IS DENIED. Defendants' Motion for summary judgment is not yet ripe since time for filing reply has not elapsed.

SO ORDERED.