Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000824
26-DEC-2023
08:03 AM
Dkt. 122 MO

NO. CAAP-19-0000824


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I


BANK OF HAWAII,
Plaintiff-Appellee,
v.
KEVIN M. BERTELMANN, INDIVIDUALLY AND AS
TRUSTEE OF THE HAROLD E. BERTELMANN REVOCABLE
LIVING TRUST DATED MARCH 10, 2010,
Defendant-Appellant,
and
COUNTY OF HAWAI'I, REAL PROPERTY TAX DIVISION,
Defendant-Appellee,
and
JOHN DOES 1-20, JANE DOES 1-20, DOE CORPORATIONS 1-20,
DOE ENTITIES 1-20, AND DOE GOVERNMENTAL UNITS 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 18-1-0304)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Kevin M. Bertelmann (**Bertelmann**), self-represented, appeals from: (1) the October 21, 2019 "Findings of Fact and Conclusions of Law and Order Granting Plaintiff Bank of Hawaii's [(**BOH**)] Motion for Summary Judgment and For Interlocutory Decree of Foreclosure, Filed August 1, 2019" (**Foreclosure Decree**); and (2) the October 21, 2019 Judgment and Notice of Entry of Judgment (**Foreclosure Judgment**), both filed and entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On appeal, Bertelmann contends[2] that the Circuit Court (1) lacked jurisdiction because BOH "lacked proper standing to sue[,]" and thus the Foreclosure Decree and Foreclosure Judgment are void; (2) erroneously granted BOH's Motion to Set Aside Entry of Default; (3) erroneously denied Bertelmann's Motion to Continue; and (4) erroneously granted BOH's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure (**MSJ**).

We affirm.

## I.    BACKGROUND

On November 29, 2018, BOH filed a foreclosure complaint against Bertelmann, individually and as trustee of the Harold E. Bertelmann Revocable Living Trust (**Bertelmann Trust**). The Complaint alleged, among other things, that:  Bertelmann's parents, Harold E. (**Harold**) and Margaret K. (**Margaret**) Bertelmann (collectively, **Parents**) took out a loan in 2003 with BOH by executing a Home Equityline Agreement (**Note**); the loan with BOH was secured by a mortgage (**Mortgage**) on real property on Pohā Street, Nā'ālehu, Hawai'i 96722 (**Subject Property**); the Subject Property was transferred via a 2010 deed to the

---

[1]    The Honorable Henry T. Nakamoto presided.

[2]    We have reordered Bertelmann's points of error for clarity.

Bertelmann Trust; Bertelmann was named as successor trustee for the Bertelmann Trust in 2015 after Harold passed; that Bertelmann, as Trustee of the Bertelmann Trust, transferred the Subject Property to himself, individually, in a 2016 deed; Bertelmann defaulted on the Note; following demand to cure the default and Bertelmann's failure to cure, the entire principal balance of the Mortgage and Note were accelerated and immediately due and payable; and BOH was entitled to foreclose the Mortgage and sell the Subject Property.

On January 31, 2019, Bertelmann filed his Answer and Counterclaims (**Counterclaim**).[3]

On February 25, 2019, BOH filed its Answer to Bertelmann's Counterclaim.

On February 28, 2019, Bertelmann submitted to the Circuit Court his Request for Entry of Default, pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 55(a),[4] "against [BOH] for failure to file a valid Reply within the time allowed by the above rules and law."

On March 1, 2019, Bertelmann's brother, Chris P. Bertelmann (**Chris**), filed a Motion to Intervene.

On March 4, 2019, the Circuit Court granted Bertelmann's Request for Entry of Default against BOH.

---

[3]    The Counterclaim alleged wrongful foreclosure; wrongful or fraudulent inducement; bad faith; deceptive trade practices; harassment; and intentional, reckless, or negligent infliction of emotional distress.  To date, the Counterclaim has not been adjudicated by the Circuit Court. Bertelmann does not challenge the Foreclosure Judgment on grounds that his counterclaims remain pending.

[4]    HRCP Rule 55(a) (2000), provides for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise . . . ."

On March 13, 2019, BOH filed a non-hearing Motion to Set Aside Entry of Default (**Motion to Set Aside**) pursuant to HRCP Rule 55(c),[5] arguing that BOH filed and served its Answer to Bertelmann's Counterclaim on February 25, 2019. The Circuit Court granted the Motion to Set Aside (**Order Setting Aside Default**).

On April 24, 2019, the Circuit Court denied Chris's Motion to Intervene.

On July 29, 2019, Chris filed a Notice of Transfer of Title and Ownership of Subject Real Property with the Circuit Court, giving notice of the transfer of the Subject Property from Bertelmann to Chris.

On August 1, 2019, BOH filed its Motion for Summary Judgment (**MSJ**) on the Complaint arguing, among other things, that Bertelmann was in default for failing to pay the principal and interest due under the Note and Mortgage, and BOH was entitled to foreclosure of the Mortgage secured by the Subject Property. Exhibits to the MSJ included: a legal description of the Subject Property (Exhibit 1), the Note (Exhibit 2), the Mortgage (Exhibit 3), a death certificate of the Parents (Exhibit 4 and 6), a 2010 Warranty Deed transferring the Subject Property from Harold to the Bertelmann Trust (Exhibit 5), a 2016 Warranty Deed transferring the Subject Property from Bertelmann as trustee of the Bertelmann Trust to Bertelmann as an individual (Exhibit 7), the payment history for the Note (Exhibit 8), a September 11, 2018 Notice of Default letter sent to the successor of the Bertelmann Trust at the Subject Property address (Exhibit 9), and a notice of pendency of action

---

[5] HRCP Rule 55(c) (2000), entitled "Setting aside default," provides that: "[f]or good cause shown the court may set aside an entry of default[.]"

(Exhibit 10).[6]  A Declaration of Rachel Anfinson (**Anfinson**) as the Assistant Vice President of BOH was also attached.

On August 30, 2019, Bertelmann filed a non-hearing "Motion to Join," seeking leave to join Chris as a "third party Defendant-Counter Plaintiff" in the case.

On September 6, 2019, Bertelmann filed a "Memorandum of Points and Authorities in Support of Motion to Continue" (**Motion to Continue**) arguing, among other things, that the provisions and terms of the Mortgage were "unconscionable and/or illegal and the contract when viewed in its entirety is void"; that the BOH failed to give notice of the MSJ to the County of Hawaiʻi, Real Property Tax Division (**County**) and Chris; that the MSJ exhibits contained "redacted materials, or uncertified public document[s]"; that BOH failed to establish standing; and that the September 11, 2018 Notice of Default letter was sent to his "property address and not to his mailing address."

At the September 11, 2019 hearing on the MSJ, the Circuit Court orally denied Bertelmann's Motion to Continue[7] and

---

[6]     Exhibit 10 was described as a "true and correct copy of [BOH]'s Notice of Pendency of Action."  Exhibit 10 is missing from the record on appeal; however, as explained infra, Exhibit 10 does not appear material to this appeal.

[7]     BOH argues that Bertelmann appeals from an "Order Denying Motion to Continue" and "cannot challenge an order that was not raised in his Notice of Appeal."  The record does not contain a written order denying the Motion to Continue.  While an "oral decision is not an appealable order[,]" KNG Corp. v. Kim, 107 Hawaiʻi 73, 77, 110 P.3d 397, 401 (2005) (citing Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 4(a)(1) & (5)), "[a]n appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.'"  Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (quoting Pioneer Mill Co., Ltd. v. Ward, 34 Haw. 686, 694 (1938)).  Bertelmann appeals from the Foreclosure Judgment, which is a final and appealable judgment entered on the Foreclosure Decree pursuant to HRS § 667-51(a)(1); and we may review the Circuit Court's oral ruling as an interlocutory order reviewable on appeal.  See KNG Corp., 107 Hawaiʻi at 77, 110 P.3d at 401 (recognizing that, because

(continued . . .)

5

proceeded to hear BOH's MSJ. While Bertelmann did not present arguments in opposition at the hearing, both the Circuit Court and BOH acknowledged that Bertelmann's Motion to Continue contained arguments in opposition to the MSJ.[8] The Circuit Court granted the MSJ.

_____

(. . . continued)

the appellant was appealing from a final judgment for summary possession, the district court's oral ruling on an oral motion to establish a rent trust fund would be treated as an interlocutory order reviewable on appeal).

    [8]    The record reflects the following:

      [BOH'S COUNSEL]: Nothing further, Your Honor. We did file an opposition to the [Motion to Continue] yesterday. I emailed a copy to defendant Mr. Bertelmann and he confirmed receipt of that. I believe the Court also received it as well, but I just wanted to make sure that was in the record.

      We believe the opposition somewhat speaks for itself. We had a very tight timeline to file it, but essentially we don't believe there's any basis in the motion to continue itself that warrants an actual continuance of the motion for summary judgment. <u>It's mostly arguments arguing in opposition of the motion for summary judgment as opposed to a basis to continue it</u> --

      THE COURT: Okay.

      [BOH'S COUNSEL]: -- under 56(f), et cetera.

      THE COURT: Okay. Very well. So the Court, <u>um, that's why the reason the Court allowed this motion to come forward</u>.

. . . .

      THE COURT: But the Court will deny the motion to continue so we will proceed with the motion.

. . . .

      THE COURT: And, Mr. Bertelmann, you have anything further?

      MR. BERTELMANN: No, not at this time, Your Honor.

(continued . . .)

On October 21, 2019, the Circuit Court filed the Foreclosure Decree and entered the Foreclosure Judgment. Bertelmann timely appealed.

## II. STANDARDS OF REVIEW

### Standing

"The issue of standing is reviewed <u>de</u> <u>novo</u> on appeal." <u>Tax Found. of Haw. v. State</u>, 144 Hawaiʻi 175, 185, 439 P.3d 127, 138 (2019) (brackets omitted) (quoting <u>Mottl v. Miyahira</u>, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)).

### Motion to Set Aside an Entry of Default

We review a Circuit Court's ruling on a request to set aside a default under HRCP Rule 55(c) for abuse of discretion. <u>Chen v. Mah</u>, 146 Hawaiʻi 157, 171, 457 P.3d 796, 810 (2020) (quoting <u>Cnty. of Hawaiʻi v. Ala Loop Homeowners</u>, 123 Hawaiʻi 391, 404, 235 P.3d 1103, 1116 (2010)).

### Motion for Continuance

"A trial court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) will not be reversed absent an abuse of discretion." <u>Kaleikini v. Yoshioka</u>, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (quoting <u>Josue v. Isuzu Motors Am., Inc.</u>, 87 Hawaiʻi 413, 416, 958 P.2d 535, 538

---

(. . . continued)

THE COURT: Okay. So the Court has reviewed the motion for summary judgment. I'll note that in this matter there was a valid note and mortgage. There was a default. Default has not been cured.

Proper notice of the default was given to [Bertelmann] and that [BOH] had standing to file this action on the date the complaint was filed so therefore the motion for summary judgment is granted.

(Emphases added.)

7

(1998)). "An abuse of discretion occurs if the trial court 'clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'" Id. (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992)).

### Motion for Summary Judgment

On appeal, "[a] trial court's decision on a motion for summary judgment is reviewed de novo." Wells Fargo Bank, N.A. v. Fong, 149 Hawaiʻi 249, 253, 488 P.3d 1228, 1232 (2021) (citation omitted).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.
>
> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law.

Id. (quoting French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004); Fujimoto v. Au, 95 Hawaiʻi 116, 136, 19 P.3d 699, 719 (2001)).

### III. DISCUSSION

### A. POE 1: Bertelmann's contention that the Circuit Court lacked jurisdiction because BOH "lacked proper standing to sue" is waived.

Bertelmann argues that BOH did not have standing at the time it filed its Complaint because a foreclosing plaintiff must suffer an "injury in fact" to invoke the jurisdiction of the court; the "injury in fact" is the mortgagor's failure to make payment; and BOH did not suffer any injury in fact from Bertelmann, because Bertelmann "was neither mortgagee nor mortgagor since he did not sign the Note." Bertlemann contends

that because BOH "lacked proper standing to sue[,]" the Circuit Court lacked jurisdiction.

BOH asserts that Bertelmann "did not raise this argument in the Circuit Court, and therefore, it should be disregarded as having been waived."

In Hawaiʻi state courts, "standing is not an issue of subject matter jurisdiction[.]"  Tax Found. of Haw., 144 Hawaiʻi at 192, 439 P.3d at 144.  Unlike issues of subject matter jurisdiction, which may be raised at any time or even sua sponte, standing is not a jurisdictional issue and may be waived.  See id. at 191 n.21, 439 P.3d at 143 n.21.

Here, it appears that Bertelmann did not raise these standing arguments below.  Bertelmann's Motion to Continue in response to the MSJ referenced "Material Issues of Fact and Standing," but he argued only that the Mortgage was illegal and void and that he never received notice of default—both issues we address infra in Part III.D.  Bertelmann's challenge to BOH's standing is waived.  See Ass'n. of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.").

**B. POE 2:  The Circuit Court did not abuse its discretion in granting the motion to set aside the default that had been erroneously entered against BOH.**

Bertelmann argues that the Motion to Set Aside should not have been granted because: (1) BOH sued Bertelmann in the "wrong legal capacity"; (2) BOH "omitted the requisite memorandum of law mandated under [Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) Rule] 7(a)"; (3) BOH provided no facts justifying its late filing of its Answer to Bertelmann's

Counterclaim; and (4) BOH mischaracterized the law in its Reply Memorandum.[9]

BOH argues that Bertelmann's argument is without merit because it is "undisputed that at the time the clerk entered default against BOH, BOH had already filed and served its Answer to [Bertelmann]'s Counterclaim." BOH asserts that the entry of default against BOH was "clearly done in error" as BOH did not fail "to plead or otherwise defend" against Bertelmann's Counterclaim. BOH's contention has merit.

HRCP Rule 12(a)(1) requires that: "A defendant shall serve an answer within 20 days after being served with the summons and complaint, except when service is made under Rule 4(c) and a different time is prescribed in an order of court under a statute or rule of court." HRCP Rule 55(a), pertaining to entry of default, provides: "When a party against whom a judgment for affirmative relief is sought has <u>failed to plead or otherwise defend</u> as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." (Emphasis added.) In <u>Chen</u>, the supreme court noted that "there is no HRCP rule <u>rendering</u> an answer filed after twenty days of service of process ineffective[,]" where "default has not been requested and entered pursuant to

---

[9]     Bertelmann contends that BOH "mischaracterized the law" and "failed to satisfy the *Nakila* three prong test" required of a party seeking to set aside an entry of default. <u>See</u> <u>The Nature Conservancy v. Nakila</u>, 4 Haw. App. 584, 590, 671 P.2d 1025, 1030 (1983). In <u>Nakila</u>, this court relied on <u>BDM, Inc. v. Sageco, Inc.</u>, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976), for the proposition that a trial court should set aside the entry of default when: (1) "the nondefaulting party will not be prejudiced by the reopening," (2) "the defaulting party has a meritorious defense," and (3) "the default was not the result of inexcusable neglect or a wil[l]ful act." <u>BDM</u> was prospectively abrogated by the Hawaiʻi Supreme Court in 2020. <u>See</u> <u>Chen</u>, 146 Hawaiʻi at 176-77, 457 P.3d at 815-16 ("Prospectively, a HRCP Rule 55(c) motion to set aside entry of default is to be evaluated based only on whether there has been a showing of 'good cause[.]'").

10

HRCP Rule 55(a)[.]"  146 Hawaiʻi at 172 n.15, 457 P.3d at 811 n.15.[10]  Thus, a late answer is permissible as long as default has not yet been requested and entered.  See id.

Here, the record reflects that BOH filed and served its February 25, 2019 Answer to Bertelmann's Counterclaim a few days after the 20-day deadline under HRCP Rule 12(a)(1).[11]  Because default had not yet been requested or entered when BOH filed its late Answer, BOH could still have filed its Answer, and cured its default by doing so.  See id.; Hudson v. State of North Carolina, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (applying identical federal rule[12] and holding that the defendants' late answer "cured their default and thereafter entry of default would not be appropriate").  An entry of default under HRCP Rule 55(a) may only be obtained against a party who has **failed to plead** or otherwise defend.  See McManus v. Am. States Ins. Co., 201 F.R.D. 493, 499 (C.D. Cal. 2000) (applying identical federal rule and holding that entry of default was proper where the request for entry of default "reached the courthouse before [the defendant]'s Answer").  BOH did not fail to plead, but had filed its February 25, 2019 Answer three days before default was requested on February 28, 2019 and entered on March 4, 2019.

_____

[10]  The supreme court in Chen explained that:  "[I]n our circuit courts, counsel and parties often provide the courtesy of informally extending time for answering complaints without court involvement, and simply do not request a formal entry of default until after the courtesy time has expired."  146 Hawaiʻi at 172 n.15, 457 P.3d at 811 n.15 (citing Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers Section 2(a) (2018)).

[11]  The record reflects that BOH's Answer was filed twenty-five days after Bertelmann's Counterclaim was filed and served, when it should have been filed within twenty-two days under HRCP Rule 12(a)(2)(requiring filing of answer 20 days after service) and Rule 6 (enlarging time by two days where service made by mail).

[12]  Federal Rules of Civil Procedure Rule 55(a) is identical to HRCP Rule 55(a).

The entry of default under these circumstances was erroneous, and the Circuit Court did not abuse its discretion in granting BOH's motion to set aside the default.  See Chen, 146 Hawaiʻi at 171, 457 P.3d at 810.

### C. POE 3:  The Circuit Court did not abuse its discretion in denying the Motion to Continue.

Bertelmann argues that the Circuit Court erred in denying Bertelmann's Motion to Continue where: (a) Bertelmann's Motion to Join was pending hearing, and (b) discovery and discovery issues had not been resolved or completed.

BOH argues that the Motion to Continue was properly denied, as Bertelmann "failed to argue a valid basis to seek a continuance pursuant to HRCP Rule 56(f)."  BOH asserts that "nothing argued in the motion suggested that [Bertelmann] needed additional time to oppose BOH's MSJ, nor did it provide any insight, if BOH's MSJ was to be continued, as to what [Bertelmann] intended to do during the interim."

HRCP Rule 56(f) provides that "the circuit court may deny a motion for summary judgment if the opposing party establishes that additional discovery is necessary."  Org. of Police Officers v. City and Cnty. of Honolulu, 149 Hawaiʻi 492, 519, 494 P.3d 1225, 1252 (2021).  The opposing party "must demonstrate how postponement of a ruling on the motion will enable him or her, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact."  Acoba v. Gen. Tire, Inc., 92 Hawaiʻi 1, 9-10, 986 P.2d 288, 296-97 (1999) (brackets omitted) (quoting Josue v. Isuzu Motors Am., Inc., 87 Hawaiʻi 413, 416, 958 P.2d 535, 538 (1998)).

Here, Bertelmann's Motion to Continue argued that BOH failed "to notify Defendant County" and "Chris" regarding the

12

MSJ; that there was a "failure to join [Chris] as a party" and that a "Motion for Joinder [was] submitted for filing on August 29, 2019"; that the exhibits attached to the MSJ contained "redacted materials, or uncertified" documents; that Margaret was "impaired" and that the Mortgage and Note are "voidable"; and that the Mortgage is "null and void."  On appeal, Bertelmann asserts that the "Motion to Join was pending[,]" that "discovery issues had not been resolved[,]" and that due to personal circumstances, a continuance was necessary.[13]  Bertelmann has not demonstrated how any additional discovery was "necessary" or how postponement of a ruling on the motion would have enabled him to rebut BOH's "showing of absence of a genuine issue of fact." See Org. of Police Officers, 149 Hawaiʻi at 579, 494 P.3d at 1252; Acoba, 92 Hawaiʻi at 9-10, 986 P.2d at 296-97.  The Circuit Court did not abuse its discretion in denying Bertelmann's Motion to Continue.  See Kaleikini, 128 Hawaiʻi at 67, 283 P.3d at 74.

### D. POE 4:  Bertelmann's challenges to the granting of the MSJ are without merit.

Bertelmann argues that the MSJ was erroneously granted because (1) "BOH produced no evidence showing [Bertelmann] was properly noticed of default per Note or Mortgage terms[,] or, by its unauthorized redactions of Note and Mortgage, which created a disputed material issue of fact"; (2) "BOH's Mortgage is void and its terms breach the Note"; (3) "the disparate signatures of [Margaret] in BOH's MSJ Mortgage copy and [Bertelmann]'s

_____

[13]     Bertelmann points out that "a certified BOH mortgage copy, was excluded from BOH's MSJ[,]" and that BOH was "obligated to provide . . . a postal receipt to authenticate the [Notice of Default] letter mailing." Bertelmann also points out that his "Motion to Continue was made [pursuant to HRCP] Rule 56(f)"; and that he had "limited time and financial resources" due to working far away and "coping with personal, financial, and litigation issues[.]"

Mortgage copy establish a disputed material issue of fact"; and (4) BOH's counsel wrongly:  "submitted redacted MSJ exhibits without consent," "submitted a manufactured lis pendens cover sheet," and "removed [the County] as a party without court consent[.]"[14]

The record reflects that Bertelmann did not file an opposition to BOH's MSJ or present oral argument opposing the MSJ at the hearing, and that his arguments regarding the MSJ appear to be raised for the first time on appeal.  Arguments "not raised in the trial court are ordinarily deemed waived on appeal."  Ass'n of Apt. Owners of Wailea Elua, 100 Hawaiʻi at 107, 58 P.3d at 618 (2002).  However, it appears that Bertelmann's Motion to Continue, liberally construed, contained opposition argument to the MSJ.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (holding that this court is obligated to interpret pleadings prepared by self-represented litigants liberally to the extent "the litigant's argument can reasonably be discerned").  We address each of Bertelmann's arguments to the extent it is discernible.  See id.

## 1. The Notice of Default was properly sent to the address listed on the Mortgage.

Bertelmann argues that BOH's copy of the Note and Mortgage contains an "illegitimate redaction" of his Parents' address,[15] and "there is no way of knowing where BOH was

---

[14]     Bertelmann again argues that BOH lacked standing in bringing suit against him, which we addressed supra in Part III.A., regarding POE 1.

[15]     BOH explains that it was obligated to redact personal information, including the Parents' address, in public filings pursuant to HCRR Rule 9.  Personal information, as defined by HCCR Rule 2.19, does not include residential addresses.  See HCRR Rule 2.19 (explaining that personal information includes "social security numbers, dates of birth . . ., names of minor children, bank or investment account numbers, medical and health records, and social service reports").  Nevertheless, this error was harmless, as both parents were deceased at the time the September 11, 2018

14

obligated to send or deliver any 'cancellation notice.'" Bertelmann denies receiving the September 11, 2018 Notice of Default letter, and argues that the letter is "not addressed to [him]," "not addressed to any named living person[,]" "addressed to his property and not his mailing address[,]" and the "zip code is wrong." Bertelmann argues that the notice of the MSJ and all other "motions, notices, and correspondence" were mailed to his "Naʻalehu post office box[.]"

BOH argues that at the time of the September 11, 2018 Notice of Default letter, "both of the Bertelmanns [(the Parents)] had passed away[,]" "the Property was placed in the Bertelmann Trust[,]" and Bertelmann "transferred the Property out of the Trust to himself, individually[.]" Thus, "pursuant to the terms and obligations under the Mortgage, BOH properly sent the Notice of Default to The Successor Trustee of The Harold E. Bertelmann Revocable Living Trust [at] the Property address." BOH claims that it could not send "submissions and fillings [sic] in this case" to the address on the Mortgage, and BOH rather was required to send these materials to the Naʻalehu post office box address because that is the address Bertelmann provided in his responsive pleading and other filings.

The Mortgage states:

> NOTICES. Any notice required to be given under this Mortgage, including without limitation any notice of default . . . shall be effective when . . . <u>deposited in the United States mail, as first class, certified</u> or registered mail postage prepaid, <u>directed to the addresses shown near the beginning of this Mortgage</u>. . . . For notice purposes, <u>Grantor agrees to keep Lender informed at all times of Grantor's current address</u>. . . .

---

Notice of Default was sent, and BOH took reasonable steps under these circumstances to send the Notice of Default to the Subject Property address that was listed at the beginning of the Mortgage and not redacted. <u>See</u> HRCP Rule 61 ("The court . . . must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

(Emphases added.) Pursuant to the Mortgage, BOH sent their September 11, 2018 Notice of Default letter via "Regular and Certified Mail" to the Subject Property addressed to 95-5575 Pohā Street in "Naalehu, HI 96722," which is the address listed in the Mortgage for the Subject Property and "shown near the beginning of" the Mortgage; and thus, BOH properly directed the Notice of Default letter to that address. If there were any changes to the "Grantor's current address[,]" it was the Grantor's duty to keep BOH informed and as such it was not BOH's obligation to find a new address to send mail to.[16] Thus, Bertelmann's argument is without merit.

### 2. The Mortgage is not "void."

Bertelmann argues that the Mortgage is "void" because it conveys to BOH "'all' of [his Parents'] rights, title, and interests in their Naʻalehu residence and real property"; "grants an assignment to BOH of their personal property"; and is essentially a "deed masquerading or disguised as a mortgage/security agreement[.]" Bertelmann asserts that the Mortgage terms are "onerous, oppressive, and unconscionable, . . . and breach the terms of the Note" because the Mortgage conveys "all title and interest" of the Subject Property and residence, while the Subject Property and residence was to only be "secured by a Mortgage." Bertelmann's argument that the Mortgage violated HRS §§ "481(a)(3)"[17] and "480-2"[18] was not

---

[16]    The Mortgage refers to the Parents as the "Grantor."

[17]    It appears that Bertelmann cited the wrong statute. Chapter 480 deals with "Deceptive Trade Practices," and Chapter 481, which Bertelmann refers to, is entitled "Fair Trade Regulations" and includes various sections (i.e., HRS §§ 481-1, 481-2, etc.).

16

raised below and is waived.  See Ass'n of Apt. Owners of Wailea Elua, 100 Hawai‘i at 107, 58 P.3d at 618.

BOH argues that there is no evidence in the record of "procedural unconscionability" or "substantive unconscionability."  The Mortgage was intended to "serve as a security interest for the Note" and it did not act as a "deed transferring the Property to BOH."

Bertelmann does not point to anything in the record that supports his broad assertion that the Mortgage is "void" because the Mortgage was a "deed masquerading or disguised as a mortgage/security agreement[.]"  Bertelmann does not elaborate how the Mortgage was "onerous, oppressive, and unconscionable." The language in the Mortgage[19] created a security interest and

---

[18]    HRS § 480-2 (2008), prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"

[19]    The Mortgage stated:

> Possession and Use. Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.
>
> . . . .
>
> Security Agreement. This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.
>
> . . . .
>
> FULL PERFORMANCE. If Grantor pays all the indebtedness when due, terminates the credit line account, and otherwise performs all of the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property.

did not act as a "deed" to transfer the title of the Subject Property to BOH; Bertelmann's argument is thus without merit.

### 3. BOH's copy of the Mortgage, which was attached as Exhibit 3 to its MSJ, was properly authenticated and admissible.

Bertelmann argues that there are "alterations/discrepancies" in the following copies of the Mortgage:  Exhibit A to Bertelmann's Answer, Bertelmann's mailed copy per discovery request, and Exhibit 3 to BOH's MSJ. Bertelmann claims that he has a "colorable claim of forgery and/or fraud in the factum against BOH."

BOH argues that Bertelmann "attempts to reference various documents that are not part of the Record on Appeal and to which he has no personal knowledge of[,]" such as the "documents taken from BOH's production of documents."  BOH also points out that Exhibit "A" to Bertelmann's Answer was also not "properly authenticated," no one "knows where it came from[,]" and Bertelmann does not have "personal knowledge" of the Mortgage.  Rather, BOH's copy of the Mortgage accompanying its MSJ was "properly authenticated."

HRCP Rule 56, entitled "Summary Judgment," provides:

> **(e) Form of affidavits; further testimony; defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary

18

> judgment, if appropriate, shall be entered against the adverse party.

HRCP Rule 56(e) requires "documentation submitted in support of a summary judgment motion to be properly sworn to or to be certified.  Documents that are plainly inadmissible in evidence and are unsworn, not properly sworn to, and/or uncertified cannot be considered upon a summary judgment motion."  Pioneer Mill Co., Ltd. v. Dow, 90 Hawaiʻi 289, 297, 978 P.2d 727, 735 (1999) (citation omitted).  Exhibits are authenticated when they are "sworn to or []certified by the preparer or custodian of those exhibits."  Id. (citation omitted).

Here, Bertelmann's copy of the Mortgage, which was attached as Exhibit "A" to his Answer, was not admitted into evidence, sworn to, or certified.  See id.  Additionally, Bertelmann attached a copy of the Mortgage from BOH's discovery production as Appendix 2 to his Opening Brief.  Appendix 2 is not in the trial court record, the Circuit Court denied Bertelmann's request to supplement the record with BOH's discovery production, and that production is not in the record on appeal for this court to consider.  See HRAP Rule 10(a) ("The record on appeal shall consist of the trial court . . . record . . . .").

BOH's copy of the Mortgage, attached to its MSJ as Exhibit 3, was admissible for the Circuit Court's consideration in determining whether to grant BOH's MSJ where the exhibit was properly authenticated by Anfinson's declaration that she was the "Assistant Vice President" of BOH; had "personal knowledge" of the facts stated in the declaration; was a "custodian" of BOH's records; and certified that the Mortgage was a "true and correct copy" containing a Bureau of Conveyance seal.  See

19

HRCP Rule 56(e); Pioneer Mill Co., 90 Hawai'i at 297, 978 P.2d at 735.  Thus, the Circuit Court properly considered BOH's copy of the Mortgage attached to its MSJ, and Bertelmann's argument is without merit.  See U.S. Bank Nat'l Ass'n v. Benoist, No. CAAP-14-0001176, 2015 WL 7260350, at *5 (App. Nov. 12, 2015) (SDO) (holding that the bank's attached exhibits to their motion for summary judgment were admissible, where there was a signed declaration by the servicer of the bank, the declaration indicated that she was a custodian of the business records, that she had personal knowledge of the matters in the declaration, and the documents attached as exhibits were certified as true copies).

> **4. Bertelmann's remaining arguments opposing the MSJ, regarding the "manufactured lis pendens cover sheet" and BOH's alleged removal of the County as a party "without court consent," are without merit.**

Bertelmann's argument that Exhibit 10 was not "a true and correct copy" of BOH's Notice of Pendency of Action; that it "omit[ted] the BOC seal, registrar's name, and signature" and that Exhibit 10 is "missing," do not raise a "disputed material issue of fact" as Bertelmann claims.  Bertelmann does not explain how his "substantial rights" were affected by his claims of error regarding Exhibit 10, or how any of these alleged errors were material or relevant to the granting of the MSJ. See HRCP Rule 61 ("The court . . . must disregard any error or defect . . . which does not affect the substantial rights of the parties."); Peak Cap. Grp., LLC v. Perez, 141 Hawai'i 160, 177, 407 P.3d 116, 133 (2017) (explaining that the effect of a notice of pendency of action "is to render a property unmarketable and unusable as security for a loan" (ellipsis omitted) (quoting

20

S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 502-03, 866 P.2d 951, 963-64 (1994))).

Bertelmann also asserts that BOH inaccurately removed the County as a party when it failed to give notice to the County of its filing of the MSJ. BOH explains that the County was "dismissed" since the May 3, 2019 "Stipulation for Partial Dismissal of Defendant County of Hawaiʻiʻ [sic] (West Hawaiʻi) [sic] Real Property Tax Office Without Prejudice" (**Stipulation for Partial Dismissal of County**), and the County "has not once taken a position in this case, submitted any other filings aside from its Answer to the Complaint, and has never objected to not being served with any of the submissions[.]" Bertelmann's contention lacks merit, where BOH and Bertelmann entered into the May 3, 2019 Stipulation for Partial Dismissal of Defendant County.[20] Bertelmann agreed to remove the County as a party, and the County was no longer a party when the August 1, 2019 MSJ was filed.

For the reasons set forth above, we conclude that the Circuit Court did not err by granting BOH's MSJ. See Fong, 149 Hawaiʻi at 253, 488 P.3d at 1232.

### IV. CONCLUSION

For the foregoing reasons, the (1) October 21, 2019 "Findings of Fact and Conclusions of Law and Order Granting Plaintiff Bank of Hawaii's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure, Filed August 1, 2019"; and (2) October 21, 2019 Judgment and Notice of Entry of Judgment,

---

[20] The stipulation, signed by Bertelmann himself stated: "all claims against Defendant County . . . in the above-entitled action shall be and hereby are dismissed without prejudice" and that the County "need not participate in further court proceedings involving the Subject Property, unless such participation is determined to be necessary by the County or the Court."

21

both filed and entered by the Circuit Court of the Third Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, December 26, 2023.

On the briefs:

Kevin M. Bertelmann
Defendant-Appellant

Jai W. Keep-Barnes
(Bays Lung Rose & Holma)
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge